IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NYGERIA U. GEORGE,<br>**Plaintiff** | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 22-CV-4967** |
| **TRANSUNION CORP.,** *et al.*,<br>**Defendants** | :<br>:<br>: |

**MEMORANDUM**

**PRATTER, J.**                                                                                       **DECEMBER** , 2022

Plaintiff Nygeria U. George initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Named as defendants are: Transunion Corp.; Equifax, Inc.; Experian; Corporation Service Company; Prentice-Hall Corporation System; and CT Corporation System. Ms. George also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. George leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ms. George has an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Ms. George's Complaint are sparse and generalized. Without providing identifying information, Ms. George claims that she "made multiple attempts to reach out to each account" and "called each Bureau and spoke with different reps and even supervisors." (Compl. at 4.) Ms. George contends that she "explain[ed] how those negative accounts on my reports are hindering me in my personal life." (*Id.*) Ms. George avers that she

---

[1] The facts set forth in this Memorandum are taken from Ms. George's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

"cannot get approved for anything," is unable to "secure a place to live due to the low impact of my scores," and that "these fraud accounts on my consumer reports" have "dropped my score tremendously." (*Id.* at 4-5.) According to Ms. George, her "consumer reports are supposed to be optional." (*Id.* at 4.)

Ms. George asserts that "because of this matter" she is unable to "get approved for any form of credit," causing her anxiety and depression. (*Id.* at 5.) As relief, Ms. George does "not want any of [her] credit card balances" reflected on her consumer reports and "want[s] all fraud accounts and negative remarks removed" from her consumer reports. (*Id.*) She also seeks monetary relief.

## II.    STANDARD OF REVIEW

Ms. George appears to be incapable of paying the filing fees to commence this action. The Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Ms. George is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants

2

still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

The FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).[2] To state a plausible claim under the FCRA against

---

[2] If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358. However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

3

a furnisher of credit information, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b).

"Consumer agencies, for their part, must strive to 'assure maximum possible accuracy' in credit reports." *Bibbs*, 43 F.4th at 339 (quoting 15 U.S.C. § 1681e(b)). They must follow reasonable procedures to meet this standard when preparing a consumer report. *Id.* at 342. Consistent with these precepts, the FCRA "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Ms. George's Complaint does not state which sections of the FCRA she bases her claims on. Even liberally construing the Complaint, Ms. George has not pled a plausible claim against any named defendant under the provisions of the FCRA pertaining to furnishers of information

4

or consumer reporting agencies. It appears that Ms. George seeks to bring claims regarding information that was included in her consumer reports; however, the allegations in Ms. George's Complaint are sparse and conclusory. Ms. George alleges generally that she "made multiple attempts to reach out to each account" and that she "called each Bureau and spoke with different reps and even supervisors." (*See* Compl. at 4.) She refers to the information at issue as "those negative accounts" and "fraud accounts." (*See id.* at 4-5.) In so doing, Ms. George has not provided sufficient factual information to support her allegations.

In other words, Ms. George has not set forth facts describing what inaccurate information she believes was included in her consumer report, clearly explained why the information was inaccurate, or alleged any facts about when, how and with whom she disputed that information. *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also SimmsParris*, 652 F.3d at 358 (explaining that the notice of dispute under § 1681s-2(b) "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."). Additionally, it is entirely unclear what role Corporation Service Company, Prentice-Hall Corporation System, and CT Corporation System play in this matter. Ms. George simply does not provide facts in support of her claims against any of the named defendants.

Accordingly, Ms. George's Complaint fails to allege a plausible claim for relief at this time. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. George's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Ms. George leave to amend to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for any FCRA claims. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER, J.