IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NYGERIA U. GEORGE, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANSUNION CORP. et al., | : | No. 22-4967 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                             AUGUST ____, 2023

Nygeria George, a *pro se* plaintiff, claims that defendants Trans Union LLC, Equifax Inc.,
and Experian Information Solutions Inc. have violated the Fair Credit Reporting Act, 15 U.S.C.
§§ 1681–1681x ("FCRA"), in reporting inaccurate items on her consumer report and in failing to
respond to her consumer report disputes to her satisfaction.

Trans Union has filed a motion to dismiss, in which Experian joined.[1] For the reasons set
forth below, the Court will grant the motion to dismiss.

### BACKGROUND

In Nygeria George's initial complaint, which suffered from a lack of specificity, she
claimed that she had "made multiple attempts to reach out to each account" and "called each
Bureau and spoke with different reps and even supervisors." Compl. at 4. Ms. George alleged that
inaccurate reporting precluded her from "get[ting] approved for anything" and "secur[ing] a place
to live due to the low impact of [her] scores" and lowered her credit score "tremendously." Compl.
at 4–5. The Court, noting that Ms. George "ha[d] not set forth facts describing what inaccurate
information she believe[d] was included in her consumer report, clearly explained why the

---

[1]       Although the Clerk of Court issued a summons as to Equifax, there is no indication that Ms. George
served Equifax in accordance with Federal Rule of Civil Procedure 4 and as of this date, Equifax has not
entered an appearance.

information was inaccurate, or alleged any facts about when, how and with whom she disputed that information," dismissed the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] *George v. Transunion Corp.*, No. 22-cv-4967, 2022 WL 17833270, at *3 (E.D. Pa. Dec. 21, 2022). However, the Court granted Ms. George leave to amend her complaint.

In her Amended Complaint, Ms. George alleges that she "ha[s] disputed the inaccurate accounts/claims that have been appearing on [her] credit reports for months." Am. Compl. ¶ III.C. Ms. George claims to have "spoke[n] with several rep[resentatives] from the agencies and . . . to the fraud department regarding this issue" without resolution. Am. Compl. ¶ III.C. Ms. George seemingly asserts that, because she finds that her consumer reports are inaccurate, Trans Union, Equifax, and Experian are in violation of the FCRA. *See* Am. Compl. ¶ III.C. ("In accordance to 15 U.S.C. § 1681, the consumer reports must be in accordance with the consumer. For the last time, I need my consumer reports to be in accordance with me!").[3] Ms. George does not specify in her Amended Complaint the sections of the FCRA that Trans Union, Equifax, and Experian are allegedly violating.

Ms. George alleges that the inaccuracies of the reports have led to her sleeplessness; hospitalization due to stress, depression, and anxiety; and, on occasion, homelessness. Ms. George

---

[2]     Although Ms. George initially filed a motion to proceed *in forma pauperis* in this litigation, the Court vacated its grant of that motion in light of Ms. George's subsequent payment of filing and administrative fees to the Clerk of Court.

[3]     Ms. George does not attach any exhibits to her Amended Complaint, such as a letter memorializing her disputes with a bank or a consumer reporting agency, a consumer report, or notices from lenders or debt collectors. *Cf. Johnson v. Synchrony Grp. LLC*, No. 23-cv-799, 2023 WL 3611533, at *1, *4 n.4 (E.D. Pa. May 23, 2023) (dismissing complaint for failure to state a claim notwithstanding plaintiff's reliance on several exhibits to the complaint, including excerpts of a consumer report and letters to consumer reporting agencies).

seeks removal of her accounts from Trans Union, Equifax, and Experian along with monetary compensation in the amount of $50,000.

Trans Union filed a motion to dismiss, arguing that Ms. George did not allege any inaccuracy in Trans Union's reporting and that Trans Union was not required to obtain Ms. George's consent before preparing consumer reports for third parties. Experian joined Trans Union's motion to dismiss. Ms. George failed to respond to the motion to dismiss, notwithstanding the Court's order indicating that failure to do so would result in the motion to dismiss being deemed unopposed.

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). At the motion to dismiss stage, the Court accepts all the facts alleged in Ms. George's *pro se* Amended Complaint as true and draws all reasonable inferences in Ms. George's favor in determining whether she has stated a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court "construe[s] . . . pro se filings liberally." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Nevertheless, the Court's flexibility in reviewing the *pro se* Amended Complaint is not without limit—"pro se litigants still must allege sufficient facts in their complaints to support a

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). And such litigants must comport with the applicable rules of procedure, just as represented litigants must. *Id.*

DISCUSSION

**I.      The Amended Complaint Does Not State a Claim Under 15 U.S.C. §§ 1681e(b) or 1681i(a)**

"The . . . FCRA . . . was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Under the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A plaintiff raising a claim of negligent noncompliance with § 1681e(b) must plead the following elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[4] "Information is

---

[4]      Provisions of the FCRA create civil liability for both negligent noncompliance with any portion of the statute, 15 U.S.C. § 1681o, and willful noncompliance with any portion of the statute. *Id.* § 1681n. To succeed on a claim of willful noncompliance with § 1681e(b), a plaintiff must additionally show that a defendant violated the statute knowingly or acted with reckless disregard of the FCRA's terms. *Seamans*, 744 F.3d at 868.

inaccurate within the meaning of the FCRA if it is incorrect or misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021) (internal quotation marks omitted). The *consumer's* opinion as to whether her report is inaccurate or misleading is of no moment for purposes of the Court's analysis of an FCRA claim. *Id.*

"The FCRA [also] confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy . . . ." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007); *see* 15 U.S.C. § 1681i(a)(1)(A) ("[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer . . . , the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ."). To establish that the consumer reporting agencies are liable for failure to comply with § 1681i, Ms. George must show that the consumer reporting agencies had a duty to reinvestigate her dispute and that they would have discovered a discrepancy if a reasonable investigation had been undertaken. *Cortez*, 617 F.3d at 712–13; *see also Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("[The Third Circuit Court of Appeals] assume[s] that absent any indication that the information is inaccurate, the statute does not mandate [a § 1681i(a)] investigation.").

So, to state a claim under both §§ 1681e(b) and 1681i(a), Ms. George must plausibly plead that the disputed information in her consumer report was inaccurate or, if "technically accurate," then at least "materially misleading." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342–45 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under either [a § 1681e(b) or § 1681i(a)] claim, then, the [plaintiffs] must show that their credit report contains inaccurate information."). The FCRA explicitly provides that consumer reporting

agencies need not pursue a reinvestigation for accuracy "if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Even liberally construing her *pro se* filings, the Court finds that Ms. George has not plausibly pled her claims due to a paucity of factual allegations in the Amended Complaint. Ms. George fails to indicate which of her accounts are actually at issue here. *Cf. Peeples v. Equifax Info. Servs. LLC*, No. 23-cv-617, 2023 WL 4374411, at *3 (E.D. Pa. July 6, 2023) (noting that plaintiff's FCRA claim failed notwithstanding her identification of accounts with "Victoria Secret, Target, Portfolio Recovery, PHEAA, Nordstrom, CBB Ulta, CBB Boscov, and Bloomingdales" as those at issue). She also sets forth no facts describing which specific information contained in her consumer reports is inaccurate, or to which third parties Trans Union, Experian, and Equifax sent that information. *Id.* Threadbare as it is, the Amended Complaint cannot withstand a motion to dismiss. *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (dismissing FCRA claim where plaintiff had not "(1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that [the consumer reporting agency] failed to investigate and modify the inaccurate information"); *Cruel v. Experian*, No. 22-cv-5236, 2023 WL 4140828, at *2 (E.D. Pa. June 22, 2023) (denying motion to dismiss where "Plaintiff's Complaint does not specify what information they are referring to or if Plaintiff is referring to any and all information on their credit reports"); *Shastri v. Experian Info. Sols., Inc.*, No. 21-cv-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (dismissing complaint where

"[d]espite vague references to inaccurate information of Bankruptcy, Plaintiff never clearly disputes the accuracy of the Petition . . . .") (internal quotation marks and citation omitted).

Because, at best, Ms. George's Amended Complaint offers only "labels and conclusions" of inaccuracy without any "factual enhancement," it fails to state a claim for relief under §§ 1681e(b) and 1681i(a) of the FCRA. *Iqbal*, 556 U.S. at 678.

## II.     The Amended Complaint Does Not State a Claim Under 15 U.S.C. § 1681b

Construing the Amended Complaint liberally, the Court finds that Ms. George may also be claiming that Trans Union, Experian, and Equifax violated the FCRA by not procuring her consent before sending her consumer report to third parties. *Compare* Am. Compl. ¶ III.C. ("In accordance to 15 U.S.C. 1681, the consumer reports must be in accordance with the consumer. For the last time, I need my consumer reports to be in accordance with me!"), *with* 15 U.S.C. § 1681b(a)(2) ("[A]ny consumer reporting agency may furnish a consumer report . . . [i]n accordance with the written instructions of the consumer to whom it relates.").

Ms. George is correct that the FCRA *sometimes* prohibits the inclusion of certain information in a consumer report absent the express consent of the consumer. *See, e.g.*, 15 U.S.C. § 1681b(b)(2)(B) (requiring consumer consent if consumer report is procured in connection with an application for employment by mail, telephone, computer, or similar means); *id.* § 1681b(c)(1)(B)(iv) (requiring consumer consent if the report does not include a date of birth or the report indicates that the consumer has not attained the age of 21); *id.* § 1681b(g)(1)(A) (requiring consumer affirmative consent to the inclusion of medical information in a consumer report if the report relates to an insurance transaction). However, § 1681b does not require the consumer's written consent before a consumer reporting agency issues a consumer report in every instance, or even *most* instances. *See id.* §§ 1681(a)(1), (3)–(6) (permitting the furnishing of a

consumer report to a third party in the absence of written instructions of the consumer in response to a court order, for credit transactions, for certain employment purposes, the underwriting of insurance, in the context of child support payments, or if the third party is the Federal Deposit Insurance Corporation or the National Credit Union Administration, *inter alia*); *accord Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022) (identifying "the written instructions of the consumer" as only one of six circumstances in which consumer reporting agencies may furnish reports). The Amended Complaint is deficient as it plainly fails to indicate what information was shared and whether it was shared in a context that would demand Ms. George's express consent.

Therefore, the Amended Complaint fails to state a claim for a violation of § 1681b.

## III.   Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts need not give leave when the circumstances make apparent "undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Because the Court has already given Ms. George an opportunity to cure the initial deficiencies identified in the initial complaint, and because she failed to respond to Trans Union LLC's motion to dismiss notwithstanding the Court's order to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding that granting leave to amend to a pro se appellant would be futile where "he ha[d] already had two chances to tell his story.").

8

CONCLUSION

For these reasons, Trans Union's motion to dismiss is granted, and Ms. George's Amended Complaint will be dismissed with prejudice as to defendants Trans Union and Experian for failure to state a claim. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE